UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLISON CINDY COUTAIN,<br><br>                Plaintiff,<br><br>-against-<br><br>KEYSTONE PROPERTY MANAGEMENT, INC., ET AL.,<br><br>                Defendants. | 25-CV-4974 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Allison Cindy Coutain brings this *pro se* action, alleging that the 32 named defendants violated her rights. For the following reasons, this action is transferred to the United States District Court for the Southern District of Florida.

## DISCUSSION

Although the complaint in this action is confusing, Plaintiff appears to be attempting to assert civil rights claims under 42 U.S.C. § 1983 and employment discrimination claims under Title VII of the Civil Rights Act of 1964. Title VII includes a venue provision, which provides that such claims may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Claims under Section 1983 are governed by the general venue statute, 28 U.S.C. § 1391(b). Under Section 1391(b), a civil action may be brought in

>  (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not plead the residences of all 32 defendants, but she provides addresses in Miami Beach, Florida for many of them, and she alleges that many of the individual defendants are employed in Miami Beach. Plaintiff also provides addresses for various defendants in Redmond, Washington; Tempe, Arizona; New York, New York; Philadelphia, Pennsylvania; Los Angeles, California; and Petaluma, California, among other locations. Because Plaintiff does not allege that all defendants are residents the same state, venue for her constitutional claims is not proper in this District, of any other district, under Section 1391(b)(1).

Plaintiff alleges that the unlawful employment actions giving rise to her Title VII claims occurred in Miami Beach, Florida. Miami Beach is located in the Southern District of Florida. *See* 28 U.S.C. § 89(c). Venue for Plaintiff's Title VII claims, therefore, is proper under Section 2000e-5(f)(3) in the Southern District of Florida. It is unclear from the allegations in the complaint where the events giving rise to Plaintiff's other claims occurred. She asserts that "a substantial part of the events, injuries, and interstate conduct" occurred in this District, although she also states that "many [of the] underlying acts occurred in Florida." (ECF 1, at 2.) Despite Plaintiff's assertion, however, nothing in the complaint suggests any of the events giving rise to Plaintiff's claims occurred in this District. The attachments to the complaint suggest that a

significant portion of the underlying events likely occurred in Miami Beach, Florida. It therefore appears that venue for her other claims may be proper under Section 1391(b)(2) in the Southern District of Florida.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The alleged unlawful employment actions forming the basis of Plaintiff's Title VII claims occurred in Miami Beach, Florida, and the complaint suggests that the events giving rise to her constitutional claims may also have occurred in Miami Beach. It is reasonable to expect that the relevant documents and witnesses also would be at Miami Beach. The Southern District of Florida appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Southern District of Florida. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in

making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

Decisions with respect to Plaintiff's motions for protective orders (ECF 3, 6) are left to the transferee court. The Clerk of Court is directed to terminate all pending motions.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 26, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge